**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40132/40133**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 505 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 22, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CYNTHIA ANN HUNNICUTT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Orders relinquishing jurisdiction, affirmed; judgments of conviction and unified sentence of five years, with a minimum period of confinement of one year, for felony battery on a police officer, and concurrent unified sentence of ten years with three years determinate, for felony driving under the influence, affirmed; order denying I.C.R. 35 motion for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge
_____

PER CURIAM

In these consolidated appeals, Cynthia Ann Hunnicutt pled guilty to felony battery on a police officer (Docket No. 40132). Idaho Code §§ 18-915(3), 18-903. The district court imposed a unified five-year sentence with a one-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Hunnicutt on probation for a period of five years.

Approximately one year later, Hunnicutt was charged with felony driving under the influence, I.C. §§ 18-8004, 18-8005(6) (Docket No. 40133). The State filed a motion for

probation violation in Docket No. 40132. Hunnicutt admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence in Docket No. 40132, and retained jurisdiction. In Docket No. 40133, the district court imposed a concurrent unified sentence of ten years with three years determinate and retained jurisdiction.

Following the period of retained jurisdiction, the district court relinquished jurisdiction and ordered Hunnicutt's sentences executed. Hunnicutt timely filed an Idaho Criminal Rule 35 motion applicable to both cases, which the district court denied. Hunnicutt appeals asserting that the district court abused its discretion by relinquishing jurisdiction, by imposing excessive sentences, and by denying her Rule 35 motion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Hunnicutt has failed to show that the district court abused its discretion, and we therefore affirm the orders relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Hunnicutt's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional

2

information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, the district court's orders relinquishing jurisdiction, Hunnicutt's judgments of conviction and sentences, and the district court's order denying Hunnicutt's Rule 35 motion, are affirmed.